■ SERGE ELEVATOR CO., INC., Respondent, v MANSHUL CONSTRUCTION CORP., Defendant, and AETNA CASUALTY & SURETY COMPANY, Appellant. (And a Third-Party Action.) [684 NYS2d 204] —Judgment, Supreme Court, Bronx County (Howard Silver, J.), entered on or about January 27, 1998, awarding plaintiff subcontractor the principal sum of $215,810 from defendant surety, under defendant's labor and material payment bond, and order, same court and Justice, entered August 28,

1997, *inter alia*, granting plaintiff's motion for partial summary judgment upon its cause of action premised upon the bond, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered November 19, 1997, which denied defendant's motion to reargue, unanimously dismissed, without costs, as no appeal lies from the denial of reargument.

Partial summary judgment was properly granted by the motion court to plaintiff upon its second cause of action since there were no triable issues remaining with respect to that cause. Because plaintiff's failure to complete its work under the subcontract was brought about by the general contractor's default, defendant surety is bound to pay plaintiff for the percentage of work it performed prior to the default, which was established as 78.4%. Defendant waived reliance upon the contractual provisions raised for the first time on appeal (*see, City of New York v Delafield 246 Corp.*, 236 AD2d 11, 22, *lv denied* 91 NY2d 811), but were we to rule upon defendant's arguments premised upon those provisions, we would find them unavailing. Similarly unavailing is defendant's contention that there is an issue as to the amount of damages. Although we do not reach the contention, which was never raised before the motion court, the amount of damages awarded is supported by the record. We have considered and rejected defendant's remaining arguments. Concur—Sullivan, J. P., Nardelli, Rubin and Mazzarelli, JJ.